**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| RAYMONE MONTGOMERY,           ) | |
| ID # 92748-008,                           ) | |
|     Plaintiff,                                ) | |
| vs.                                                   ) | No. 3:09-CV-2407-M-BH |
|                                                  ) | |
| SAM DEITELBAUM, et al.,              ) | |
|     Defendants.                          ) | Pretrial Management |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3-251*, this action has been referred for pretrial management.

**I. BACKGROUND**

Plaintiff, a prisoner incarcerated in a Federal Correctional Institution ("FCI Seagoville"), sues Food Service Director Sam Deitelbaum (the "Service Director"), Cook Supervisor Frank Thomas (the "Supervisor"), and Warden Maureen Cruz (the "Warden"). (Compl. at 1.)  He claims that the Supervisor wrongfully terminated him from his prison job because Plaintiff was being sexually harassed by his co-workers, and that the Warden and Service Director condoned the discrimination and harassment. (*Id.* at 3-4.)  In support of his claims, Plaintiff alleges that the Director claimed to be concerned about safety but failed to place the Supervisor on administrative leave; the Supervisor told him on the morning of his firing that co-workers were complaining about Plaintiff working in food services; and the Warden claimed to be worried about his safety at work but was not concerned about his safety in the living quarters. (*See* Answers Mag. J. Questionnaire ("MJQ")[1], Answers 1-3.)  Plaintiff seeks back pay for his lost employment and punitive damages for being

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

harassed and fired. (Compl. at 4; MJQ, Answer 5.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III. ANALYSIS

Plaintiff sues the Warden of his prison facility and two supervisors under 42 U.S.C. § 1983. That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, Plaintiff must allege

facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Although Plaintiff filed his complaint on a standard form used in § 1983 prisoner actions, that statute has no applicability when federal action is solely at issue. *See Williams v. Wood*, 612 F.2d 982, 984 n.1 (5th Cir. 1980). When a plaintiff alleges unconstitutional action by a federal actor, his claims arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); a *Bivens* action is otherwise coextensive with, and indistinguishable from a § 1983 claim. *See Boyd v. Driver*, 579 F.3d 513, 515 n.5 (5th Cir. 2009); *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005). Because *pro se* complaints are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the courts apply § 1983 or *Bivens* according to the actual nature of the claims, not the label or characterization of a *pro se* plaintiff. Any claim that defendants violated Plaintiff's constitutional rights therefore arises under *Bivens*.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, however, is the exclusive means to assert claims of federal employment discrimination. *See Davis v. Passman*, 442 U.S. 228, 247 n.26 (1979); *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976). When Title VII applies, it preempts *Bivens* claims arising out of the alleged discrimination. *See Perez v. FBI*, 71 F.3d 513, 515 (5th Cir. 1995). Consequently, courts must first consider the applicability of Title VII in employment discrimination cases.

**A. Title VII**

Plaintiff alleges that he was discriminated against and sexually harassed based on his sexual orientation at his prison job. (Compl. at 3-4; MJQ, Answers 1-4.)

3

First, it is unclear whether Title VII applies to prisoners working at a prison job. Neither the Fifth Circuit nor the Supreme Court has addressed whether Title VII applies to prisoners working at a prison job, and other courts have reached contrary conclusions. *Compare Baker v. McNeil Island Corr. Ctr.*, 859 F.2d 124, 128 (9th Cir. 1988) (concluding that it may apply) *with Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991) (holding that it does not apply); EEOC Dec. No. 86-7, 1986 WL 38836, at *1-3 (Apr. 18, 1986) (holding that there is no employment relationship between a prisoner and the prison at which he works while serving his sentence of incarceration). Even assuming Title VII applies, however, it currently provides no relief for alleged discrimination or harassment based on sexual orientation. *Lynch v. Baylor Univ. Med. Ctr.*, No. 3:05-CV-0931-P, 2006 WL 2456493, at *4-6 & n.4 (N.D. Tex. Aug. 23, 2006), *aff'd*, 236 Fed. App'x 918 (5th Cir. 2007); *Jones v. CVS Pharmacy, Inc.*, No. 3:07-CV-1383-L, unpub. op. at 8 (N.D. Tex. Aug. 14, 2008). Finally, the proper defendant in an employment discrimination action by a federal employee is the "head of the department, agency, or unit, as appropriate." *See* 42 U.S.C. § 2000e-16(c); *Skoczylas v. Fed. Bureau of Prisons*, 961 F.2d 543, 544 (5th Cir. 1992) (recognizing that the only proper defendant in a federal prison discrimination action is the United States Attorney General).

Accordingly, even assuming Title VII applies, Plaintiff's claims against the defendants for sexual orientation discrimination or harassment lack an arguable basis in law.

**B.** *Bivens*

As noted, persons not protected by Title VII may pursue claims of discrimination by federal actors under *Bivens*. In that case, the United States Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court which is brought pursuant to 28 U.S.C. § 1331. *See* 403 U.S. at 396-97.

4

The elements necessary to succeed on a *Bivens* claim vary depending on the constitutional provision at issue. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). A claim that federal defendants have treated the plaintiff differently from others raises a constitutional question under the equal protection component of the Fifth Amendment. *See Wise v. Suscy*, No. 3:08-CV-0848-L, 2009 WL 1855167, at *5 (N.D. Tex. June 25, 2009) (accepting recommendation of Mag. J.). To succeed on an equal protection claim, the plaintiff must allege that he was intentionally treated differently from "similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). The plaintiff must allege "that the defendant acted with discriminatory purpose", *Iqbal*, 129 S. Ct. at 1948, and the alleged discrimination generally must be "based upon membership in a protected class", *Wise*, 2009 WL 1855167, at *5.

The alleged discrimination in this case is based on sexual orientation. Although neither the Supreme Court nor the Fifth Circuit "has recognized sexual orientation as a suspect classification" or protected group, governmental action may violate the equal protection rights of a homosexual person "if it disadvantages homosexuals for reasons lacking any rational relationship to legitimate governmental aims." *Johnson v. Johnson*, 385 F.3d 503, 532 (5th Cir. 2004); *accord Whiting v. Univ. of S. Miss.*, 451 F.3d 339, 348 (5th Cir. 2006) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) and recognizing that absent membership in a suspect or protected class, a plaintiff can succeed on a "class of one" equal protection claim only when there is "no rational basis for the difference in treatment").

Legitimate governmental aims include "preservation of order and prevention of violence in prison" and protection of "homosexual prisoners from abuse at the hands of their fellow inmates". *See Hall v. Morehouse Parish Det. Ctr.*, No. 09-1476, 2009 WL 3762084, at *1, 4 (W.D. La. Nov.

5

9, 2009) (adopting recommendation of Mag. J. with one modification). Plaintiff's own alleged facts support a legitimate aim for his removal from his prison job. He claims the Supervisor told him that other inmates were complaining about his working in food services. (*See* MJQ, Answer 2.) Although Plaintiff held the prison job for only one day (*see* Compl. at 4), he contends that the inmates sexually harassed him during that time (*see* MJQ, Answer 4), and that the Director and the Warden claimed that they were concerned about his safety (*see* MJQ, Answers 1 and 3). On these facts, termination of the employment arguably rationally relates to a legitimate penological interest. When alleged conduct is "at least arguably rationally related to a legitimate penological interest", a class-of-one equal protection claim is properly dismissed under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). *Hall*, 2009 WL 3762084, at *1, 4.

Because his alleged discrimination is not based upon membership in a protected class, and the removal from his prison job rationally relates to a legitimate governmental aim under the facts alleged in this case, Plaintiff has failed to state a plausible equal protection claim under *Bivens*.

## IV. RECOMMENDATION

Plaintiff's complaint should be summarily **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and § 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

---

[2] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**SO RECOMMENDED on this 22nd day of January, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE